UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

VICTOR D. HARDY                                                                                           PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:11CV-P617-S

ALTHEA MAUPIN et al.                                                                              DEFENDANTS

MEMORANDUM OPINION

Plaintiff, Victor D. Hardy, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

I. SUMMARY OF CLAIMS

Plaintiff sues in their individual capacities Althea Maupin, a lawyer at the Public Defender's Office; Officer Timmy Salyer of the Shively Police Department; and prosecuting attorney Ryan Olberding. He alleges that his lawyer, Defendant Maupin, violated his constitutional rights by lying, coercing him, and advising him against his best interests. He states, "She's not setting court dates for the following motions to be heard; motion for additional discovery, motion for more specific bill of particulars, motion for severance of charges, motion for discovery." He also states that he has not received responses from numerous letters which he wrote to Defendant Maupin.

Plaintiff next alleges that Defendant Olberding has violated his constitutional rights by not setting a hearing date for the above-mentioned motions and by trying to coerce him into pleading guilty. With regard to Defendant Salyer, Plaintiff alleges that his constitutional rights were violated when Defendant Salyer coerced him and gave inconsistent statements and by

stealing $700 from Plaintiff's person on October 29, 2010. As relief, Plaintiff wants monetary and punitive damages and his lawyer and prosecutor to be dismissed.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Claims against defense attorney*

Plaintiff does not state a claim against Defendant Maupin under 42 U.S.C. § 1983, the statutory provision under which alleged constitutional violations must be brought. *See Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987) (holding that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government),

*vacated on other grounds*, 488 U.S. 1036 (1989). Public defenders are not liable to suit under § 1983 because public defenders do not act under color of state law when representing indigent clients in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Thus, § 1983 allegations against Defendant Maupin fail to state a cognizable § 1983 claim.

### *Claims against prosecuting attorney*

Plaintiff's claims against Defendant Olberding, the prosecuting attorney, are barred. In broad terms, Plaintiff's claims against him relate to conduct in his role as an advocate. To the extent the prosecutorial defendant was acting in his role as an advocate, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, he enjoys absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *see also Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claims alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Moreover, federal courts have no general power to compel action by state officers in the performance of their duties. *More v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970). Therefore, Plaintiff's claims against Defendant Olberding will be dismissed for failure to state a claim.

### *Claims against police officer*

With regard to Defendant Salyer, Plaintiff alleges that his constitutional rights were

violated when Defendant Salyer coerced him, gave inconsistent statements, and stole $700 from Plaintiff on October 29, 2010.

"[A] federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

Plaintiff has a pending criminal case, over which the state has an important interest in adjudicating. In light of the available avenues through which to raise a constitutional challenge, this Court will not interfere with an on-going Kentucky state court proceeding. While federal court relief might be a possibility in the future should state court remedies prove unavailable, Plaintiff has failed to show that the state courts are unable to protect his interests at this time. Where *Younger* abstention is appropriate, it requires dismissal of those claims. *Zalman v. Armstrong*, 802 F.2d 199, 207 n.11 (6th Cir. 1986). The Court will enter an appropriate Order regarding this claim.

*Claim regarding property*

The Sixth Circuit has stated that "Section 1983 was not meant to supply an exclusive federal remedy for every alleged wrong committed by state officials. Rather, the statute is a remedy for only those wrongs which offend the Constitution's prohibition against property

deprivations without procedural due process." *Vicory v. Walton*, 721 F.2d 1062, 1065 (6th Cir. 1983). Therefore, a plaintiff "must plead and prove that state remedies for redressing the wrong are inadequate." *Id.* at 1066. In other words, the plaintiff must allege and prove that there was a constitutional violation under color of law and that the state did not have a remedy; or that the state had a remedy but it was deemed inadequate; or that the state had an adequate remedy in form, both procedurally and in damages, but the state did not apply it or misapplied its remedy. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999) (citation omitted).

In *Wagner v. Higgins*, 754 F.2d 186 (6th Cir. 1985), the plaintiff had brought a § 1983 suit against employees of the Louisville Police Department, who he claimed directly or negligently unlawfully took certain property from his car during an inventory search following his arrest. *Wagner*, 754 F.2d at 187. The Sixth Circuit determined that Wagner had available to him two possible remedies in Kentucky state court: (1) bringing a common law action for conversion, or (2) applying to the state court judge before whom the criminal charges were filed, which the Sixth Circuit held was "a common and well-recognized means for obtaining relief where a defendant seeks the return of property seized from him during a criminal prosecution." *Id.* at 192.

Here, Plaintiff has not alleged that he has applied to the state-court judge in his criminal case for relief or that a state-court suit for conversion would be an inadequate remedy. Therefore, the Court finds that Plaintiff has failed to state a claim. This claim also will be dismissed.

## III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's claims.

Date: February 2, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
       Defendants
4411.009